IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TIMOTHY JAY KING | § | |
| | § | |
| v. | § | 2:10-CV-147 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION TO DISMISS**
**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE[1]**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. Section 2255, filed by defendant TIMOTHY JAY KING on June 17, 2010. By his motion, defendant makes the single complaint: "I was arrested and placed in custody March 15th, 2010. It has been in excess of 3 months without a hearing on a supervised release violation with no criminal charges being filed." (Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, doc. #1, pg. 7).

The docket of defendant's underlying criminal case, cause number 2:05-CR-059, indicates that on March 15, 2010, the government filed a Motion to Revoke defendant's supervised release. On March 29, 2010, defendant was remanded into custody of the U.S. Marshals upon a finding of probable cause to believe he violated the conditions of his supervised release. A hearing on the revocation motion was held by District Judge Robinson on June 22, 2010. At that hearing, defendant pled true to the charges set out in the Motion to Revoke and was committed to custody

---

[1] Even though defendant filed this pleading on a form titled "Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," the content of the pleading leads this Court to treat the motion as one under 28 U.S.C. Section 2241.

of the Bureau of Prisons for a term of twenty-four months.

A section 2255 motion to vacate does not appear to be the proper means to seek the relief King seeks. Treating the motion as a motion under 28 U.S.C. Section 2241,[2] however, the motion is without merit. A hearing on the supervised release violation has been held, defendant King has been found to have violated his supervised release conditions and he has been sentenced. Accordingly, the undersigned United States Magistrate Judge recommends that the motion filed on June 21, 2010 by defendant TIMOTHY JAY KING be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of June, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[2] According to page 7, paragraph A of the motion to vacate, defendant seeks a speedy trial. If defendant is seeking release based upon a contention that he has not been provided a speedy trial, then a motion under 28 U.S.C. section 2241 would be proper. If, on the other hand, he merely sought to have his case heard in an expedited manner, a speedy trial motion should have been used.

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).